**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LG ELECTRONICS MOBILECOMM U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> RELIANCE COMMUNICATIONS, LLC, <br><br> Defendant. | Case No. 18-cv-0250-BAS-RBB <br><br> **ORDER GRANTING PETITION FOR CONFIRMATION OF ARBITRATION AWARD** <br><br> [ECF Nos. 1, 6] |

Plaintiff LG Electronics MobileComm U.S.A., Inc. ("LG") has filed a petition (the "Petition") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, for a court order confirming an arbitration award in its favor and against Defendant Reliance Communications, LLC ("Reliance"). (ECF Nos. 1, 6.) For the reasons herein, the Court grants LG's Petition.

**I.   BACKGROUND**

LG is a California corporation and wholly owned subsidiary of LG Electronics U.S.A., with its corporate offices located in San Diego, California. (Pet. ¶2.) Reliance is a New Jersey-based limited liability company with offices in Hauppauge, New York. (*Id.* ¶3.) It is comprised of four members, who are citizens of New York. (*Id.*)

The parties entered into a Master Purchase Agreement ("MPA"), by which LG agreed to supply LG-branded accessories to Reliance for distribution. (ECF No. 1-4 Ex. A, MPA.) The MPA included a mandatory arbitration provision to resolve disputes between the parties related to the agreement, with any arbitration proceedings occurring in San Diego, California. (*Id.* ¶14.1) The underlying dispute arose due to Reliance's failure and refusal to pay invoices for LG products that it ordered and received from LG, in breach of the MPA's terms. The unpaid invoices totaled $9,986,124.14, not including accrued interest. (Pet. ¶7.)

Pursuant to the arbitration provision, LG initiated an arbitration with Reliance before the Honorable J. Richard Haden (Retired) with the Judicial Arbitration and Mediation Service in San Diego, California on September 3, 2016. (*Id.* ¶8; ECF No. 1-5 Ex. B.) The parties entered into a settlement agreement which stayed arbitration and held in abeyance a stipulated judgment signed by both parties to be entered by the Arbitrator if Reliance defaulted on its settlement payment obligations. (Pet. ¶9.) Reliance defaulted and, after LG provided written notice to the Arbitrator and Reliance, the Arbitrator executed and entered the stipulated judgment (the "Award") in favor of LG on January 17, 2018. (*Id.* ¶10; ECF No. 1-8 Ex. E.) Under the Award, LG is entitled to: (1) $9,986,124.14, less any payments previously made by Reliance on or after January 15, 2017; (2) monthly interest set at the contractual rate of 1.5% for each unpaid invoice; and, according to proof, (3) attorneys' fees and (4) costs. (Award at 2.)

After the issuance of the Award, LG filed the Petition on February 2, 2018. (ECF No. 6.) Reliance was subsequently served with the Petition on February 12, 2018, by delivery through a private process server of the Petition and Summons on its statutorily authorized agent for service of process in New Jersey. (ECF No. 4.) After several weeks with no response to the Petition, LG filed a notice on March 27, 2018 regarding Reliance's failure to respond. (ECF No. 5.) LG subsequently filed a request for entry of an order granting its unopposed Petition. (ECF No. 6.)

## II. DISCUSSION

### A. The Court Possesses Personal Jurisdiction Over Reliance

The Court first addresses whether it has personal jurisdiction over Reliance to enter a confirmation of the arbitration award against it. Personal jurisdiction over a defendant in a conformation proceeding may arise upon service of a petition for confirmation of an arbitration award under Section 9 of the FAA. *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) ("The Arbitration Act provides for a specific means of obtaining personal jurisdiction in the district agreed to by the parties . . ."); *see also Weststar Assoc., Inc. v. Tin Metals Co.*, 752 F.2d 5, 7 (1st Cir. 1985) ("[Section] 9 was precisely meant to enable the district court for the district within which the award was made to exercise personal jurisdiction over the parties to the award.").

Section 9 provides that "[n]otice of the application shall be served upon the adverse party, and *thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding*." 9 U.S.C. §9 (emphasis added). Section 9 establishes two methods of providing notice depending on whether the "adverse party" is a resident of the district in which the award was made. "If the adverse party is a resident of the district, . . . service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. §9. However, "[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.*

Notice here is only proper under Section 9's nonresident method because Reliance is not a resident of the Southern District of California, the judicial district in which the arbitration award was made. LG served the Petition and summons by delivering a copy of both to Reliance's statutorily authorized agent in New Jersey. (ECF No. 4.) This method of service comports with Federal Rule of Civil Procedure

– 3 –

18cv250

4(h), which provides that a limited liability corporation may be served in any judicial district in the United States by delivering through a private service provider a copy of the complaint and summons to an agent authorized by appointment or by law. FED. R. CIV. P. 4(h)(1); *see also Amalgamated Leasing & Trading, Inc. v. Sumber Mas, LLC*, No. CV 15-05128 TJH (FFMx), 2016 WL 8252921, at *2 (C.D. Cal. Feb. 8, 2016). The question is whether this service, which was not service by a U.S. Marshal, comports with Section 9's notice requirement and, thus, provides this Court with jurisdiction over Reliance.

"[T]here is scant case law interpreting the FAA's §9 service requirement," *Hancor, Inc. v. R & R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 15 (D.P.R. 2005). "A review of the existing case law reveals that district courts around the country are applying [it] inconsistently." *Logan & Kanawha Coal Co. v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 718 (S.D.W. Va. 2011), *rev'd and remanded on other grounds*, 514 Fed. App'x 365 (4th Cir. 2013). Some courts have found service must be effectuated by a U.S. Marshal to satisfy Section 9's notice requirement for nonresidents. *See, e.g., Logan*, 789 F. Supp. 2d at 722; *Dobco, Inc. v. Mery Gates, Inc.*, No. 06-0699(HAA), 2006 WL 2056799, at *2 (D. N.J. July 21, 2006). But a number of other courts have found that service under Rule 4 satisfies Section 9's notice requirement. *See Hancor*, 381 F. Supp. 2d at 15 ("Section [9] is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of the United States marshals as routine process servers."); *see also United Cmty. Bank v. Campbell*, No. 1:10-cv-79, 2011 WL 815684, at *2 (W.D.N.C Mar. 1, 2011) ("Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure.") (service by certified mail, return receipt and by individual service in accordance with Rule 4(e) was proper) (citation omitted); *Own Capital, LLC v. David Smith Autoland, Inc.*, No. 10-mc-51002, 2010 WL 3623173, at *2 (E.D. Mich.

Sept. 15, 2010) ("[T]he phrase 'in like manner as other process of court' requires the party applying for confirmation of an arbitration award under [S]ection 9 to follow Fed. R. Civ. P. 4 in providing notice to adversarial parties.").

Much like district courts elsewhere, district courts in the Ninth Circuit have taken varying approaches. Two courts have issued conflicting opinions about Section 9's notice requirement for nonresidents. *Compare Amazon.com, Inc. v. Arobo Trade, Inc.*, No. C17-0804JLR, 2017 WL 3424976, at *4 (W.D. Wash. Aug. 9, 2017) ("[T]he court concludes that serving a nonresident respondent via process server, in accordance with Rule 4, satisfies Section 9 of the FAA") *with Kirby Morgan Dive Sys. v. Hydrospace Ltd.*, No. CV 09-4934 PSG (FFMx), 2010 WL 234791, at *4 (C.D. Cal. Jan. 13, 2010), *rev'd and remanded on other grounds*, 478 Fed. App'x 382 (9th Cir. 2012) ("[A]s service was not made by a marshal in a judicial district in the United States, such service does not give the Court personal jurisdiction over Smith under §9."). A few courts have addressed service of a petition for confirmation of an arbitration award with reference only to Rule 4. *See Wells Fargo Advisors, LLC v. Braver*, No: 3:11-cv-06685-JSC, 2012 WL 2990779, at *2 (N.D. Cal. July 9, 2012) (service of petition and summons on petition was proper when it was effectuated in accordance under California state law pursuant to Federal Rule of Civil Procedure Rule 4(e)); *Gladstone Wood v. Hampton-Porter Inv. Bankers*, No. C-02-5367 MMC, 2004 WL 546888, at *2 (N.D. Cal. Mar. 11, 2004) (finding service of petition and summons on petition proper under Rule 4(h)). Another court has determined that non-compliance with Section 9's literal requirement of service by a U.S. marshal "is of no consequence" when the "parties agreed to waive formal service" including "for any court actions in connection with the arbitration." *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1092 (D. Ariz. 2005).

This Court finds persuasive and appropriate the approach taken by courts which find that service under Rule 4 satisfies Section 9's notice requirement. As

these courts have recognized, Section 9's use of the phrase "in like manner as other process of the court" provides a textual basis for linking Section 9's service requirement with service under Rule 4.  Indeed, multiple courts have relied on this phrase as a textual basis for finding service under Rule 4 proper for the purposes of the FAA's notice provisions.  *See Ventureforth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147, 148–149 (D.D.C. 2015); *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010).  Moreover, significant changes in who serves process have occurred since the FAA was enacted, "tak[ing] the marshals out of summons service almost entirely." *Matter of the Arbitration Between InterCarbon Bermuda, Ltd. & Caltex Trading & Transport Corporation*, 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993); *see also Technologists, Inc*, 725 F. Supp. 2d at 126 (interpreting similarly worded provision in Section 12 of the FAA and observing that "requirement that nonresidents be served by the marshal is an artifact of the era in which United States marshals were the default servers of process in federal courts, an era that ended in the early 1980s when the Federal Rules of Civil Procedure[] were amended so as to allow for service by any nonparty over the age of 18.").  Application of a strict interpretation of Section 9 "cannot be taken as the proper standard for service of process" given those changes.  *Matter of the Arbitration*, 146 F.R.D. at 67 n.3; *see also Hancor*, 381 F. Supp. 2d at 16.

In view of the FAA's purposes, there are also important policy considerations underlying the conclusion that service under Rule 4 satisfies Section 9's notice requirement for nonresidents.  "Requiring an FAA petitioner to effect service on nonresident respondents via United States Marshal—rather than by utilizing the menu of otherwise satisfactory options under [Rule] 4—would 'frustrate[] the [FAA's] policy of rapid and unobstructed enforcement of arbitration agreements.'" *Amazon.com, Inc.*, 2017 WL 3424976, at *4 (quoting *Moses H. Cone*, 460 U.S. at 23).  Here, unnecessary delay in the confirmation of LG's Award would result merely as a matter of compliance with an interpretation of Section 9 that is no longer

– 6 –

18cv250

viable. This cannot be the right result in light of the fact that Reliance already consented to arbitration in this district, of which Section 9 takes account in its personal jurisdiction-enabling language. *See Weststar Assoc., Inc.*, 752 F.2d at 7. Accordingly, the Court concludes that Reliance properly received notice in accordance with Section 9 of the FAA and, thus, the Court has personal jurisdiction over Reliance for this Petition.

### B. Subject Matter Jurisdiction Exists Over the Petition

The Court must also confirm that subject matter jurisdiction exists over a petition for confirmation of an arbitration award. Although the FAA permits a party to move for an order confirming an arbitration award, *see* 9 U.S.C. §9, the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. §1331 or otherwise." *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984) (citing *Mohes H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)); *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 970–71 (9th Cir. 1981) (determining that Section 9 does not create a basis for federal jurisdiction and therefore a party must allege an "independent ground[] to justify an exercise of federal jurisdiction . . ., that is, diversity of citizenship or a federal question. . ."); *New United Motor Mfg. v. UAW Local 2244*, 617 F. Supp. 2d 948, 955 n.7 (N.D. Cal. 2008). A court considering a petition to confirm an arbitration award must therefore determine whether there is either diversity jurisdiction or some other independent basis for federal question jurisdiction. *See General Atomic Co.*, 655 F.2d at 971; *Hansen Bev. Co. v. DSD Distribs.*, No. 08-cv-0619-LAB (RBB), 2008 WL 5233180, at *4 (S.D. Cal. Dec. 12, 2008).

LG invokes this Court's diversity jurisdiction under 28 U.S.C. §1332(a). (Pet. ¶4.) A federal court possesses diversity jurisdiction when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and, in relevant part, "is between . . . citizens of different states." 28 U.S.C. §1332(a). As LG is the party asserting jurisdiction, it has the burden of showing jurisdiction exists.

– 7 –

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court finds that LG has met its burden.

First, for the purposes of Section 1332(a), the amount in controversy here is the amount of the arbitration award LG seeks to confirm. When a petitioner seeks confirmation of an arbitration award, without seeking remand for further arbitration proceedings, the amount in controversy is the value of the award itself to the petitioner.[1] *See Anessa's Transp. Inc. v. XPO Last Mile Inc.*, No. 18-cv-00709-SK, 2018 U.S. Dist. LEXIS 70655, at *6 (N.D. Cal. April 26, 2018); *Pac. Metro, LLC v. Le Investments, Inc.*, No. C13-02216 HRL, 2013 WL 12304551, *2 (N.D. Cal. Aug. 27, 2013); *Hansen Bev. Co.*, 2008 WL 5233180 at *5; *Wise v. Marriott Int'l, Inc.*, No. 06 Civ. 11439 (LAP), 2007 WL 2200704, at *4 (S.D.N.Y. July 30, 2007). The $9,986,124.14 Award amount in favor of LG easily satisfies the amount in controversy requirement.[2]

Second, there exists the requisite complete diversity of citizenship. *See*

---

[1] In contrast, when a party seeks to re-open arbitration proceedings, the amount in controversy for the purposes of diversity jurisdiction, is the amount at stake in the underlying litigation. *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664–65 (9th Cir. 2005). There would be no practical difference if this standard applied here because the Award is equal to the amount in controversy in the underlying dispute between LG and Reliance. The $9,986,124.14 reflects the amount of unpaid invoices for which LG sought payment. (Pet. ¶7; Spjute Decl. ¶5.)

[2] The fact that the Award is for an amount "less any payments made by Reliance on or after January 15, 2017" (ECF No. 1-8 Ex. E ¶2) is inconsequential to diversity jurisdiction. "The mere fact" that Reliance may or could have "satisfied a portion of its obligation under the arbitration award does not divest the court of authority to confirm that portion of the award—satisfaction and confirmation are separate issues." *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005); *see also Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) (holding that the fact that the defendant had satisfied the arbitration awards at issue was irrelevant to whether the court should confirm the awards under 9 U.S.C. § 9).

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (complete diversity of citizenship is required); *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996) (same). LG is incorporated in the state of California. (Pet. ¶2; Spjute Decl. ¶2.) Because Reliance is a limited liability company, it "'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Each of Reliance's members is a citizen of New York. (Pet. ¶3; Spjute Decl. ¶3.) Accordingly, the Court finds that it has subject matter jurisdiction over the Petition.

### C. Merits of the Petition to Confirm the Award

Having confirmed the existence of personal and subject matter jurisdiction, the Court turns to the requirements for confirmation of the Award. These requirements include that: (1) the Petition is timely sought in the proper court and contains all filings statutorily required under the FAA, and (2) confirmation of the Award is otherwise proper. LG satisfies each of these.

#### 1. Timely Application to Proper Court and Requisite Filings

Under Section 9, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and . . . the court must grant such an order unless the award is vacated, modified, or corrected . . ." 9 U.S.C. §9. If the parties' agreement does not specify a particular court, the petition "may be made to the United States court in and for the district within which such award was made." *Id*. Consistent with this language, a court must ensure that the parties contemplated judicial enforcement of an arbitration award in their agreement and that a petition to confirm is timely sought.

Here, the parties' agreement provides that an award will be "final, binding,

– 9 –

and enforceable in a court of competent jurisdiction." (MPA ¶14.1.) This language confirms to this Court that the parties contemplated judicial enforcement. *Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) ("[C]ourts must undertake enforcement of arbitration awards 'so long as the parties *contemplated* judicial enforcement.'") (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 587 n.6 (2008) (emphasis added by Fourth Circuit)). Although the parties' agreement does not specify a particular court in which a court judgment on the award may be entered, LG has properly sought a judgment in this Court because the Award was made in San Diego, California. *See* 9 U.S.C. §9. LG's Petition is also timely filed within the one-year requirement under Section 9 because LG filed the Petition less than a month after the Award issued.

To obtain a court order confirming the Award, LG must also satisfy certain filing requirements. Section 13 of the FAA requires that the party moving to confirm an arbitration award file: (1) the arbitration agreement and the selection or appointment of an arbitrator, (2) the award, and (3) "[e]ach notice, affidavit, or other papers used upon an application to confirm, modify, or correct the award . . ." 9 U.S.C. §§13(a)–(c). LG has met each of these requirements, by providing a copy of the MPA's arbitration provisions, the notice of appointment of the Honorable J. Richard Haden (Retired), the stipulated judgment which constitutes the Award, and additional papers. (ECF No. 1-4 Ex. A; ECF No. 1-5 Ex. B; ECF No. 1-8 Ex. E.) Thus, the Petition satisfies the FAA's timing and filing requirements.

### 2. Propriety of Confirming the Award

Once a court is satisfied that the Petition is timely and properly supported, the court's ultimate review of the Petition is "both limited and highly deferential." *Coutee v. Barington Capital Group, L.P*., 336 F.3d 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc*., 84 F.3d 1186, 1190 (9th Cir.1996)). Confirmation of an arbitration award typically "is a summary proceeding that merely makes what is already a final arbitration award a judgment

– 10 –

of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1984)). This limited and summary review aims to honor the parties' contractual choices and further the FAA's "national policy favoring arbitration and plac[ing] arbitration agreements on equal footing with all other contracts . . . ." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see also Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984) ("[w]here the parties have agreed to arbitration, the court will not review the merits of the dispute.").

Section 9 of the FAA mandates that "the court *must grant* such an order *unless* the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. §9 (emphasis added). The grounds for not granting a confirmation are "extremely limited" and only implicated when a party to the arbitration moves to vacate the award based on certain circumstances that undermine the award's validity or its accuracy on material issues. *See* 9 U.S.C. §10(a) (enumerating grounds for vacating an award, including that the award was procured by fraud, corruption or undue means or the arbitrator was biased, engaged in misconduct, or exceeded his powers); 9 U.S.C. §11 (court may modify or correct award for material miscalculations or material mistakes, when the award addresses matters not submitted to the arbitrator, or the award is "imperfect in form"); *see also Kyocera Corp. v. Prudential Bache Trade Servs.*, 341 F.3d 987, 998 (9th Cir. 2003) ("These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration matters"); *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (noting that courts "have interpreted sections 9 and 10 [of the FAA] narrowly."). Reliance has not moved to modify or correct the Award under either Sections 10 or 11 of the FAA.[3]

---

[3] Reliance is no longer able to bring any such challenges. Section 12 of the

– 11 –

In the absence of a cognizable challenge to the Award, the Court must hew to the FAA's mandate to confirm it. *See Jones v. Coastal Concrete Southeast II, LLC*, No. 3:15-cv-03020-JMC, 2016 U.S. Dist. LEXIS 6289, at *2 (D.S.C. Jan. 20, 2016) (citing *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)); *see also Goldman v. Gagnard*, No. 11-CV-3028-LHK, 2011 WL 13177619, at *2 (N.D. Cal. Oct. 27, 2011) (no grounds for modification or correction of award were alleged and thus court was required to confirm award); *May Fin. Corp. v. Granger Meadows*, No. 3:02-CV-2482-L, 2003 U.S. Dist. LEXIS 1411, at *7 (N.D. Tex. Jan. 30, 2003) (confirming arbitration award to which the parties stipulated). Accordingly, the Court confirms the Award.

## III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** LG's petition for a confirmation of the Award in the amount of $9,986,124.14, plus interest set at the contractual rate of 1.5% per month from the due date for each unpaid invoice. (ECF Nos. 1, 6.) The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of LG.

LG has also requested attorneys' fees and costs in the Petition, but has not specified in what amount, nor supported the request with appropriate evidence. (Pet. at 4, Prayer for Relief (3), (4).) Federal Rule of Civil Procedure 54(d) permits a party to move for attorneys' fees and costs. FED. R. CIV. P. 54(d). LG may file a

---

FAA requires that a "notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. §12. The Award here was filed on January 17, 2018. (ECF No. 1-8 Ex. E.) Thus, Reliance's statutory time period to challenge the award lapsed on April 17, 2018. Failure to timely move to vacate bars all defenses to arbitration awards. *Sheet Metal Workers Int'l Assn., Local v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983) ("Although this circuit has not ruled that failure to move to vacate bars all defenses to arbitration awards, other circuits have so held . . . We accept the rule in the Third and Seventh Circuits and hold that the statute of limitations bars Standard's defenses.").

properly supported motion for attorneys' fees and costs **no later than June 1, 2018**.

**IT IS SO ORDERED.**

DATED:  May 3, 2018

Hon. Cynthia Bashant
United States District Judge